J-S79003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALFONSO P. PEW, | |
| Appellant | No. 537 EDA 2013 |

Appeal from the PCRA Order entered September 19, 2012,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0729371-1991

BEFORE:  ALLEN, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED DECEMBER 16, 2014**

Alfonso P. Pew ("Appellant") appeals *pro se* from the order denying his latest untimely petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and partial procedural history have been summarized as follows:

> Appellant participated in a plot with Darrin Wilder and Sean Simpson to rob William Robinson, a drug dealer who was undercutting Wilder's drug sales.  On March 16, 1991, [Appellant] picked up Wilder at his apartment, and both met Simpson in the area.  Wilder told Simpson they planned to rob and, if necessary, kill Robinson; Simpson agreed to assist them.
>
> Later that afternoon, Simpson lured Robinson into an alley near the house of Simpson's girlfriend, Geraldine Oakes.  Appellant and Wilder, who was masked and

_____

*Retired Senior Judge assigned to the Superior Court.

brandishing a gun, appeared in the alley and demanded money from Robinson. Appellant grabbed Robinson and held him, while Wilder hit him with the gun. When Robinson struggled free and jumped onto the porch of the Oakes' house, [Appellant] and Wilder followed. Robinson tried to open the door but Ms. Oakes and Belinda Franklin held it shut. Wilder shot Robinson in the back, and as Robinson stumbled into the house, staggered up the stairs, collapsed and died, [Appellant] and Wilder pushed their way inside. Wilder demanded money of the occupants, struck Ms. Franklin on the head with his gun, and fled with [Appellant].

Appellant and Simpson were brought to trial together; Darrin Wilder remained a fugitive. During jury selection, Simpson pled guilty to third degree murder and robbery. A new jury panel was seated and, at [Appellant's] separate trial, Simpson testified as a Commonwealth witness. After the jury convicted [Appellant] of second degree murder, robbery, burglary, possession of an instrument of crime, and violations of the Uniform Firearms Act, the court imposed a sentence of life imprisonment for the murder conviction. The Court denied [Appellant's] post-verdict motions and imposed a concurrent five to ten year prison sentence for robbery. This Court affirmed the judgment of sentence on August 20, 1993.

On September 16, 1993, [Appellant] filed a *pro se* PCRA petition. [PCRA] counsel was appointed to represent [Appellant] and filed an amended petition. After two hearings, the court denied PCRA relief on October 16, 1995.

**Commonwealth v. Pew**, 687 A.2d 860 (Pa. Super. 1996), unpublished memorandum at 1-2. On October 28, 1996, this Court affirmed the PCRA court's denial of post-conviction relief. **See id.** On June 25, 1997, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Pew**, 698 A.2d 66 (Pa. 1997).

In 2001 and 2004, Appellant filed second and third *pro se* PCRA petitions. The PCRA court dismissed both petitions as untimely filed, and Appellant did not file an appeal to this Court from either dismissal. On November 24, 2010, Appellant filed the PCRA petition at issue. After issuing Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's latest PCRA petition without a hearing, the PCRA court, by order entered September 19, 2012, dismissed Appellant's fourth petition as untimely. This *pro se* appeal follows.[1] The PCRA court did not require Pa.R.A.P. 1925 compliance.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is

---

[1] Appellant's filed his *pro se* notice of appeal approximately four months after the PCRA court's September 19, 2012 order denying his latest PCRA petition. By order dated June 20, 2013, we directed Appellant to show cause why his appeal should not quashed as untimely. Within his July 3, 2013, handwritten response, Appellant asserts that he did not timely receive the PCRA court's order, and refers to previous letters, which appear in the certified record, wherein he informed the PCRA court of this fact. Given these circumstances, we decline to quash Appellant's appeal as untimely.

without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the issues Appellant presents in his brief, we must first consider whether the PCRA court properly determined that Appellant's petition was untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id*.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to

- 4 -

the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on September 20, 1993, after the thirty-day period for filing an allowance of appeal to the Pennsylvania Supreme Court had expired. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file his latest petition by January 16, 1997, in order for it to be timely.[2] As Appellant filed the instant petition on November 24, 2010, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant failed to plead any exception to the PCRA's time bar in his latest PCRA petition. Although he raises certain arguments with regard to one or more of the exceptions in his *pro se* brief, Appellant's claims are waived. *Burton*, *supra*. Moreover, any such exception raised by Appellant

___

[2] Because Appellant's judgment of sentence became final prior to the January 1, 1996 effective date of the 1995 amendments to the PCRA, he had one year from that date to file a timely first PCRA petition. However, because the petition at issue is Appellant's fourth petition, he does not qualify for this grace period. *See generally*, *Commonwealth v. Crawley*, 739 A.2d 108 (Pa. 1999).

in an "unauthorized" amendment to his petition, that is, one filed without first seeking permission from the PCRA court, likewise is waived. **Commonwealth v. Reid**, 99 A.3d 470, 484 (Pa. 2014). Accordingly, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's latest PCRA petition. We thus affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judge Strassburger joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/16/2014</u>