J-S54013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY SOUTHERLAND, | |
| Appellant | No. 1525 WDA 2015 |

Appeal from the Order Entered August 13, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013051-1990

BEFORE: BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 09, 2016**

Appellant, Gary Southerland, appeals *pro se* from the August 13, 2015 order denying, as untimely, his sixth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We need not reiterate, in great detail, the facts or procedural history underlying Appellant's case. We only note that on August 27, 1991, Appellant was convicted, following a non-jury trial, of first-degree murder and recklessly endangering another person. Appellant's convictions stemmed from his shooting his wife in the legs with a shotgun, which resulted in his wife's suffering a pulmonary embolism that caused her death. In January of 1992, Appellant was sentenced to an aggregate term of life imprisonment, without the possibility of parole. He filed a timely direct appeal, and this Court affirmed his judgment of sentence, yet also remanded

for the trial court to conduct a hearing on Appellant's claims of ineffective assistance of his trial counsel. ***Commonwealth v. Southerland***, 631 A.2d 1373 (Pa. Super. 1993) (unpublished memorandum). On August 2, 1993, the trial court issued an order denying Appellant's ineffectiveness claims, and Appellant did not file another appeal.

Over the ensuing two decades, Appellant filed at least five PCRA petitions, all of which were denied by the PCRA court. In many of those collateral proceedings, Appellant appealed to this Court from the order denying his petition, and we repeatedly affirmed. ***See Commonwealth v. Southerland***, 698 A.2d 111 (Pa. Super. 1997) (unpublished memorandum), *appeal denied*, 698 A.2d 66 (Pa. 1997) (affirming the denial of Appellant's first petition); ***Commonwealth v. Southerland***, 911 A.2d 187 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 917 A.2d 314 (Pa. 2007) (affirming the denial of Appellant's second PCRA petition); ***Commonwealth v. Southerland***, 981 A.2d 322 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 985 A.2d 972 (Pa. 2009) (affirming the denial of Appellant's fourth petition).

On June 29, 2015, Appellant filed a *pro se* writ of *habeas corpus*, which underlies the present appeal. The lower court treated that filing as a PCRA petition.[1] On August 13, 2015, the court issued an order denying

---

[1] Appellant does not present any meaningfully developed argument that the PCRA court erred in treating his writ of *habeas corpus* as a PCRA petition.
*(Footnote Continued Next Page)*

Instead, he simply asserts, in his reply brief, that "[t]his is a *Habeas Corpus* action; not an untimely serial PCRA" petition. Appellant's Reply Brief at 2. As this Court has explained,

> [i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; ***Commonwealth v. Haun***, 613 Pa. 97, 32 A.3d 697 (2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. ***Commonwealth v. Chester***, 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); ***see also Commonwealth v. Deaner***, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

***Commonwealth v. Taylor***, 65 A.3d 462, 465–66 (Pa. Super. 2013) (one citation omitted).

Here, as will be discussed *infra*, Appellant presented three types of issues in his petition for writ of *habeas corpus* - challenges to the sufficiency of the evidence to sustain his conviction, assertions of ineffective assistance of counsel, and allegations that the trial court (and prior PCRA courts) committed errors that violated his constitutional rights. Appellant does not argue that these claims are not cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2). He also does not assert that they are the type of 'unique claim' that this Court has, on a limited occasion, found to be outside the ambit of the PCRA. ***See Commonwealth v. West***, 938 A.2d 1034, 1044 (Pa. 2007) (concluding that a challenge to the continuing validity of the defendant's judgment of sentence, following nine years of pre-incarceration delay, fell outside the ambit of potential claims cognizable under the PCRA); ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007) (finding that a claim concerning the defendant's deportation from Canada to face a death sentence fell outside the intended scope of the PCRA). Accordingly, we see no error in the court's treating Appellant's petition for writ of *habeas corpus* as a PCRA petition.

Appellant's petition.[2]  Appellant filed a *pro se* notice of appeal on September 24, 2015.  Attached to that notice was a Department of Corrections Cash Slip dated September 9, 2015.  Thus, under the 'prisoner mailbox rule,' we will consider Appellant's appeal as having been timely filed.  ***See Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998) (stating that the prisoner mailbox rule directs "that, for prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system").  Appellant also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the court filed an opinion on January 11, 2016.  In Appellant's *pro se* brief to this Court, he presents two issues for our review:

> 1. Did the *habeas* court abuse its discretion and/or commit an error of law by not issuing the writ?
>
> 2. Should this Honorable Court grant the writ and release Appellant or grant a new trial in the interests of justice?

Appellant's Brief at 1, 2.

---

[2] We note that the court did not issue a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition.  However, our Supreme Court has held that where the petition is untimely, the absence of a Rule 907 notice does not automatically warrant reversal. ***Commonwealth v. Pursell***, 749 A.2d 911, 917 n. 7 (Pa. 2000).  While Appellant briefly mentions the omitted Rule 907 notice in his reply brief, he offers no argument regarding why that error by the court necessitates reversal in this case. ***See*** Appellant's Reply Brief at 2.  Accordingly, we decline to vacate the PCRA court's order on this basis.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's sixth PCRA petition is clearly untimely.[3] Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). Appellant fails to do so, as he does not even mention a timeliness exception, let alone develop any meaningful argument that one applies to his claims. Instead, Appellant devotes the large majority of his argument to claiming that the evidence was insufficient to prove that he shot the victim multiple times. He also seemingly asserts claims of ineffective assistance of counsel, and avers that the trial court, and past PCRA courts, erred in different respects. None of these claims, on their face, meets a timeliness exception. Additionally, as the PCRA court points out, Appellant's arguments could have been raised (or were raised) in prior proceedings before the trial court, in past post-

---

[3] Appellant's judgment of sentence became final in 1993. Our Supreme Court has "held that where the conviction became final before the effective date of the act, January 16, 1996, a PCRA petition, in order to be timely, must be filed within one year of the effective date of the act, and it must be the first PCRA petition to be eligible for this one year grace period." *Commonwealth v. Crawley*, 739 A.2d 108, 108–09 (Pa. 1999). Not only was Appellant's instant petition not filed until 2014, but it is also Appellant's sixth. Therefore, it is patently untimely.

conviction proceedings, or in prior appeals before this Court. **See** PCRA Court Opinion, 1/11/16, at 5 (concluding that Appellant's "claims of insufficiency of the evidence, ineffectiveness of counsel[, and errors in] the manner in which the trial court conducted the trial and post-trial proceedings, … have [all] been raised and previously litigated, or could have been raised, in his various appeals and PCRA petitions"). Accordingly, Appellant fails to prove the applicability of a timeliness exception, and the PCRA court did not err in denying his sixth petition for post-conviction relief.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/9/2016