J-S31020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GEORGE JONES, | : | |
| | : | |
| Appellant | : | No. 1180 WDA 2016 |

Appeal from the PCRA Order July 11, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0000410-1977

BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 31, 2017**

Appellant, George Jones, appeals from the July 11, 2016 Order entered in the Court of Common Pleas of Allegheny County dismissing his seventh Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

On October 18, 1977, a jury convicted Appellant of Robbery and related offenses for his participation in an armed robbery of an insurance agency that resulted in the shooting of a police officer.  The trial court subsequently sentenced Appellant to an aggregate term of thirty to sixty years' incarceration.  On September 12, 1980, this Court affirmed Appellant's Judgment of Sentence, and the Pennsylvania Supreme Court

denied Appellant's Petition for Allowance of Appeal on December 22, 1980.[1]

**See** Certified Record, Docket Entry 25. Appellant did not seek review by the United States Supreme Court. Appellant's Judgment of Sentence, therefore, became final on March 23, 1981.[2] **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

On March 28, 2016, more than thirty-five years after his Judgment of Sentence became final, Appellant filed the instant *pro se* PCRA Petition, his seventh, raising claims of a newly-recognized constitutional right and newly-discovered facts.[3] On March 29, 2016, the PCRA court issued a Notice of

_____

[1] We note that this Court has previously stated, in numerous filings, that the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on December 8, 1980. Our review of the certified record reveals that the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal on December 18, 1980, and docketed the Order on December 22, 1980. **See** Certified Record, Docket Entry 25. This change in date does not affect our disposition.

[2] March 22, 1981 was a Sunday. **See** 1 Pa.C.S. § 1908.

[3] Appellant's Petition is entitled "Petition for Writ of *Habeas Corpus* Pursuant to the Post Conviction Relief Act Statutes." It is well established that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542. Moreover, "the writ of *habeas corpus* has been subsumed into the PCRA for claims that are cognizable under the [PCRA.]" **Commonwealth v. Dickerson**, 900 A.2d 407, 412 (Pa. Super. 2006) (citation omitted). Accordingly, we will treat Appellant's Petition as a Petition filed under the PCRA. **See, e.g., Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001) (concluding a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition).

Intention to Dismiss Pursuant to Pa.R.Crim.P. 907 ("Notice to Dismiss") advising Appellant of its intent to dismiss his Petition without a hearing because the Petition was untimely. Appellant filed a timely *pro se* response entitled Relator's Response to the Court's Notice of Intention to Dismiss Pursuant to Rule 907 ("Response"). On July 11, 2016, after consideration of Appellant's Response, the PCRA court dismissed Appellant's Petition without a hearing. Appellant timely appealed.

Appellant raises the following two issues on appeal:

1. Whether the record supports the learned court's factual conclusions?

2. Whether the trial court erred as a matter of law failing to hold an evidentiary hearing?

Appellant's Brief at vii (some capitalization omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008)

- 3 -

(explaining that the timeliness of a PCRA Petition is a jurisdictional requisite). Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, it is undisputed that Appellant filed the instant PCRA Petition well beyond the one-year time limitation set forth in 42 Pa.C.S. § 9545(b)(1) and that his Petition is facially untimely.[4]

---

[4] We recognize that Appellant was convicted and sentenced prior to the January 16, 1996 amendments to the PCRA, governing the time within which petitions must be filed. Our Pennsylvania Supreme Court has held, "where the conviction became final before the effective date of the act, January 16, 1996, a PCRA petition, in order to be timely, must be filed within one year of the effective date of the act, and it must be the first PCRA petition to be eligible for this one year grace period." *Commonwealth v. Crawley*, 739 A.2d 108, 109 (Pa. 1999). Additionally, "there is no provision of a grace period for the filing of a second petition." *Id.* Thus, Appellant's seventh PCRA Petition remains facially untimely.

However, Pennsylvania courts may consider an untimely PCRA petition, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant initially invokes the Section 9545(b)(1)(iii) exception to challenge the legality of his sentence, which allows an untimely filing if the petition asserts a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Although a legality of sentence claim cannot be waived, it must be timely raised, *i.e.*, within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

In support of his challenge, Appellant relies on the holding in *Montgomery v. Louisiana*, 136 S.Ct. 718 (U.S. 2016). In *Montgomery*, the United States Supreme Court held that the rule announced in *Miller v. Alabama*, 132 S.Ct. 2455 (U.S. 2012), prohibiting mandatory life sentences

without parole for juvenile offenders, is a substantive constitutional rule that applies retroactively on state collateral review. In this case, Appellant was not a juvenile at the time of his crime and did not receive a mandatory life sentence. Thus, *Miller* does not apply.

Nevertheless, Appellant argues that the holding in *Miller* should be extended to him because he was twenty-five years old at the time of the crime and "science has concluded that there are structural immaturities present in brains that are chronologically below the age of [twenty-six]." Appellant's Brief at 8. This Court has previously rejected this argument.

In *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013), the appellants, who were twenty-one and nineteen years old at the time of their crimes, argued that the holding in *Miller* should be extended to them on post-collateral review because they were under twenty-five years of age at the time they committed a murder, and, as such, had immature brains. This Court declined to extend the holding in *Miller* to appellants and concluded, "we need not reach the merits of [a]ppellants' argument, as their contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.* at 764 (emphasis in original).

We recently reaffirmed *Cintora's* holding in *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016). In *Furgess*, the appellant – who was nineteen years old when he committed his crimes – asserted that *Miller*

should apply to him because he was a "technical juvenile" based on "neuroscientific theories regarding immature brain development . . . ." ***Id.*** at 94. Relying on ***Cintora***, this Court once again rejected the argument that ***Miller*** should extended to individuals with immature brains and restated that "petitioners who were older than [eighteen] at the time they committed murder are not within the ambit of the ***Miller*** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." ***Id.***

In light of our holdings in ***Cintora*** and ***Furgess***, Appellant's contention that ***Miller*** should apply to him fails, and, thus, Appellant failed to plead and prove that a newly-recognized constitutional right applied to him.

Appellant next invokes the Section 9545(b)(1)(ii) exception to challenge his conviction, which allows an untimely filing if the petition asserts newly-discovered facts. 42 Pa.C.S. § 9545(b)(1)(ii). To prevail under this section, Appellant is required to establish that: (1) the fact upon which he bases his claim was unknown to him; and (2) he could not have discovered the fact through due diligence. ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016); 42 Pa.C.S. § 9545(b)(1)(ii). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." ***Cox***, ***supra*** at 230 (internal quotation marks and citation omitted). As stated previously, a petition invoking this exception must be

filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

In his PCRA Petition, Appellant contends that his "co-defendants" Rodney Jackson and Wayne Hawthorne were both unavailable to testify at trial because they escaped custody, and that their testimony would provide exculpatory evidence that Appellant did not shoot the police officer or commit the robbery. *See* PCRA Petition, filed 3/28/16, at 2. After the PCRA court issued the Notice to Dismiss stating that Appellant's PCRA Petition was barred by the one-year statute of limitations, Appellant filed a Response asserting, *inter alia*, that he filed the PCRA Petition within sixty days of discovering that both witnesses were willing to testify. Appellant stated: "both have resisted coming forward for their own reasons until March 1, 2016. This exonerating testimony was completely unavailable to [Appellant] until now in spite of his due diligence. The instant petition was filed March 25, 2016." Response, filed 4/22/16, at 3.

Appellant failed to plead and prove that he filed the instant PCRA Petition within sixty days of the date that the claim could have been presented as required by Section 9545(b)(2). In his Response, after the PCRA court notified him that his Petition was untimely, Appellant conveniently designated March 1, 2016, as the day that he discovered both witnesses were willing to testify. Appellant does not explain any of the circumstances surrounding this discovery, including why the witnesses were

unwilling to testify for the last thirty-five years since his judgment became final, what changed their collective minds, and how he actually learned of their willingness to testify.

In failing to explain the circumstances surrounding his discovery of this new fact – that both witnesses are now willing to testify – Appellant also fails to plead and prove that this fact was previously unknown to him and that he could not have discovered this fact through due diligence. Although he asserted in his Response that he had exercised due diligence, Appellant does not convey the efforts he made in the thirty-five years since his Judgment of Sentence became final. As such, Appellant does not qualify for a time-bar exception under 42 Pa.C.S. § 9545(b)(1)(ii).

In conclusion, Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and the PCRA court properly dismissed Appellant's untimely Petition without an evidentiary hearing. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2017

- 9 -