739 A.2d 108

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dewitt CRAWLEY, Appellant.**

Supreme Court of Pennsylvania.

Submitted July 12, 1999.

Decided Oct. 1, 1999.

Reargument Denied Dec. 13, 1999.

Robert Brett Dunham, Philadelphia, for Dewitt Crawley.

Catherine Marshall, Philadelphia, for Commonwealth.

Robert A. Graci, Harrisburg, for Office of Attorney General.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION OF THE COURT

FLAHERTY, Chief Justice.

Over fourteen years ago, appellant was convicted of three counts of first degree murder. He received three death sentences, and he now appeals the denial of his second petition under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq. The trial court dismissed the petition because the issues raised were either finally litigated or untimely.

In 1984, a jury convicted appellant of three counts of first degree murder, three counts of robbery, one count of rape, and one count of possessing an instrument of crime. On June 10, 1985 he was sentenced. On May 27, 1987, this court affirmed the judgments of sentence. On October 24, 1990, appellant filed his first PCRA petition, which was amended on January 6, 1992. On August 22, 1995, this court affirmed the dismissal of the first PCRA petition. The second PCRA petition was filed on May 27, 1997. On December 8, 1997 the trial court dismissed the second PCRA petition on the above-stated grounds that the claims asserted therein were either finally litigated or untimely.

Because no review to the United States Supreme Court was sought following this court's affirmance of the judgments of sentence, the judgment became final at the expiration of a ninety day period, on or about August 25, 1987. In *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998), we recently held that where the conviction became final before the effective date of the act, January 16, 1996, a PCRA

petition, in order to be timely, must be filed within one year of the effective date of the act, and it must be the first PCRA petition to be eligible for this one year grace period. Thus, the petition at issue in this case is untimely, for it was the second petition, not the first, and there is no provision of a grace period for the filing of a second petition.

However, as pointed out in *Peterkin*, there are three exceptions to the timeliness requirement of the PCRA:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the appellant proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the appellant an could not have been ascertained by the exercise of due diligence . . .

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1) and (2).

 The appellant raises twenty-seven issues in this petition.[1] Since his claims are untimely, in order to prevail on any

---

**1.** Appellant's claims are as follows:

1. The prosecutor improperly suppressed evidence that an eyewitness was mentally ill, that he had a criminal record, and that he testified in exchange for favorable treatment on pending criminal charges.

2. The prosecutor improperly instructed a witness not to talk to the defense.

of these issues, appellant would first have to show that his claims fall within the statutory exception to the timeliness requirement. That is, he must show that his failure to raise these claims previously was the result of illegal interference by government officials, 42 Pa.C.S. § 9545(b)(1)(i), or that facts upon which his claims rest were unknown and could not have been ascertained with due diligence, or that he is asserting a newly recognized constitutional right, 42 Pa.C.S.

3. The prosecutor presented irrelevant, inflammatory and unreliable evidence.

4. The prosecutor misrepresented facts.

5. The prosecutor introduced improper expert testimony of torture.

6. The prosecutor improperly injected prior bad acts and uncharged crimes.

7. The prosecutor improperly introduced victim impact evidence.

8. The prosecutor made an improper guilt-phase argument.

9. The prosecutor's penalty phase argument was improper.

10. The prosecutor introduced inflammatory photographs.

11. The prosecutor introduced irrelevant, unreliable and improperly prejudicial hearsay.

12. The prosecutor improperly used peremptory strikes in a racially discriminatory manner.

13. The prosecutor improperly prejudiced appellant in other ways.

14. The Pennsylvania Supreme Court erred in not recognizing the Constitutional dimension of errors found on direct appeal.

15. Counsel was ineffective in failing to investigate and present evidence that appellant was the victim of a deprived and abusive childhood, brain damage and drug addiction.

16. Counsel was ineffective in failing to develop appellant's insanity, diminished capacity and guilty-but-mentally ill defenses.

17. The trial court improperly excluded exculpatory evidence.

18. Jury instructions relieved the Commonwealth of proving every element of the offense beyond a reasonable doubt.

19. Appellant was prejudiced by appearance before the jury in prison garb.

20. The jury instructions improperly indicated that the jury was required to unanimously find mitigating circumstances.

21. The jury was not instructed that appellant would not be eligible for parole if he was sentenced to life imprisonment.

22. The trial court failed to instruct on the nature and use of aggravating and mitigating factors.

23. A hearing is required on the accuracy of evidence maintained and analyzed by the FBI crime laboratory.

24. There should be a remand because of racial discrimination in capital sentencing.

25. All prior counsel were ineffective.

26. The cumulative effect of these errors require relief.

27. Appellant is entitled to an evidentiary hearing.

§ 9545(b)(1)(ii)(iii) *and* that the petition raising these claims was filed within 60 days of the date the claim could have been presented, 42 Pa.C.S. § 9545(b)(2). Appellant's first issue is that the prosecutor suppressed evidence that an eyewitness to the murders was mentally ill, that he had a criminal record, and that he was favorably disposed to the Commonwealth because drug charges were to be dropped against him in Florida if he would testify for the Commonwealth in this case. Appellant argues that this claim qualifies under 42 Pa.C.S. § 9545(b)(1)(i), as illegal interference of a government official which might have caused the late filing. However, as presented, the claim fails, since nowhere does appellant establish that the requirements of 42 Pa.C.S. § 9545(b)(1)(2) have been met, i.e., that his claim asserting unconstitutional or illegal interference by government officials (42 Pa.C.S. § 9545(b)(1)(i) was raised within sixty days of the date the claim could have been raised).

Similarly, the remaining 26 claims do not fall within the statutory exceptions enumerated in 42 Pa.C.S. § 9545(b)(1) and (2), and are, therefore, time-barred, for appellant has failed to establish either that illegal interference of government officials is implicated or that the facts upon which the claims are based were unknown, or that the claims are based on newly recognized constitutional rights, or that the claims were filed within 60 days of the date the claims became known.

The order of the trial court dismissing the second PCRA petition is affirmed.