J-S40020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CORLIVEETH MCMILLIAN, | |
| Appellant | No. 3441 EDA 2015 |

Appeal from the PCRA Order entered October 8, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0815631-1984

BEFORE:  BOWES, SOLANO, and MUSMANNO, JJ.

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 19, 2016**

Appellant, Corliveetho McMillian, appeals from the order dismissing his latest petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  The PCRA court found the petition untimely and therefore not within its jurisdiction.  We affirm.

At the conclusion of a bench trial on December 28, 1984, Appellant was convicted of first-degree murder and possession of an instrument of crime (PIC).  Thereafter, the trial court sentenced Appellant to life imprisonment for the murder conviction and a concurrent two to four year term of imprisonment for the PIC conviction.  Appellant filed a timely appeal, and we affirmed his judgment of sentence on April 6, 1987. *Commonwealth v. McMillian* (Pa. Super. Apr. 6, 1987) (unpublished

memorandum). Appellant did not file a timely petition for allowance of appeal with our Supreme Court.[1]

Appellant unsuccessfully sought post-conviction relief in PCRA petitions filed in 1996, 2002, and 2003. He also unsuccessfully filed several pleadings with the federal courts seeking such relief. Appellant filed the PCRA petition at issue here on June 23, 2015. On July 21, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss this petition on the basis that it was untimely and Appellant had failed to plead an exception to the PCRA's time bar. On July 29, 2015, Appellant filed a *pro se* response indicating that he wished to assert the PCRA's newly-discovered evidence exception. By order entered October 8, 2015, the PCRA court dismissed Appellant's petition as untimely. This appeal followed.

On appeal, Appellant raises the following issues, as stated:

1. Was trial counsel ineffective in representing [Appellant] by allowing him to be tried while he was incompetent?

2. Did the trial court violate [Appellant's] due process rights under the Fifth and Fourteenth Amendments of the United States Constitution by trying him when he was incompetent?

Appellant's Brief at 13.

_____

[1] Subsequently, Appellant filed a *pro se* motion for permission to appeal *nunc pro tunc*, which the Supreme Court of Pennsylvania denied.

Before addressing Appellant's claims, we must first determine whether the PCRA court correctly concluded that because the petition was untimely filed, it lacked jurisdiction to consider Appellant's latest PCRA petition.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.[2] *See* 42 Pa.C.S. § 9545(b). A PCRA petition

_____

[2] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

*(Footnote Continued Next Page)*

- 3 -

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Hernandez***, 79 A.3d at 651-52; ***see also*** 42 Pa.C.S. § 9545(b)(2). Asserted exceptions to the time restrictions for the PCRA must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007).

Here, Appellant's judgment of sentence became final on May 6, 1987, when the thirty-day time period for filing an *allocatur* petition with our Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3). However, because his judgment of sentence became final prior to the 1995 amendments to the PCRA, which added the time restrictions, Appellant was permitted to file his ***first*** PCRA petition by January 16, 1996. ***See generally Commonwealth v. Crawley***, 739 A.2d 108 (Pa. 1999). As Appellant filed his latest PCRA petition nearly three decades after his judgment of sentence became final, it

*(Footnote Continued)* _____

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*.

In his latest PCRA petition, Appellant neither acknowledged the PCRA's time bar nor attempted to prove any exception to it. Within his brief, Appellant attempts to invoke the newly-discovered evidence exception in 42 Pa.C.S. § 9545(b)(1)(ii), based on his general assertion that he had mental health issues that resolved and he became competent two weeks prior to filing his latest petition. *See* Appellant's Brief at 17. Because Appellant did not raise this claim before the PCRA court in his petition, it is waived. *See Burton*; *see also* Pa.R.A.P. 302(a). Further, Appellant's assertion in his brief that he should have been provided with counsel in order to ensure against this waiver is unavailing. PCRA petitioners are entitled to appointed counsel only on the first petition; this right does not extend to subsequent petitions like this one. Pa.R.Crim.P. 904(A); *Commonwealth v. Kubis*, 808 A.2d 196 (Pa. Super. 2002).

Finally, we note that a mere allegation of mental illness does not constitute a valid exception to the PCRA's time bar. *See generally Commonwealth v. Monaco*, 996 A.2d 1076 (Pa. Super. 2010). Moreover, the PCRA court addressed Appellant's mental incompetency claim and properly concluded that Appellant failed to meet his statutory burden. The PCRA court explained:

> [Appellant] has offered nothing to indicate, when, if ever, the crucial point in time at which he passed from

incompetence to competence may have actually occurred. [Appellant] has failed to offer any evidence or suggest reasons as to the cause of his lapse into incompetence. [Appellant] does not elaborate on exactly how he became aware of this information of his incompetence, when he became incompetent, or when he became aware of this information. Additionally, [Appellant] did not provide information as to why he was incompetent. [Appellant] did not act with due diligence in presenting this claim and it therefore does not qualify for an exception to the time bar of the PCRA requirements. [Appellant] has not set forth sufficient facts which properly invoke the timeliness exception on the basis of mental incompetence. A detailed review of [Appellant's] case demonstrates that the circumstances presented by this case . . . do not provide an example of incompetence and inability to discover facts in the exercise of due diligence.

PCRA Opinion, 12/11/15, at 2-3.

Based on the foregoing, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016

- 6 -