J-S41042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL L. HOWARD | : | |
| | : | |
| Appellant | : | No. 2718 EDA 2017 |

Appeal from the PCRA Order August 4, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002767-2010

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 18, 2018**

Appellant, Michael L. Howard, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his second petition brought pursuant to the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On August 9, 2011, the court convicted Appellant of possession with intent to distribute, possession of a controlled substance, possession of drug paraphernalia, possession of an instrument of crime, conspiracy, and persons not to possess firearms.  On September 23, 2011, the court sentenced Appellant to an aggregate term of 15 to 30 years' imprisonment.  This Court affirmed the judgment of sentence on March 19, 2013, and our Supreme Court denied Appellant's petition for an allowance of appeal on August 28, 2013.

_____
*   Former Justice specially assigned to the Superior Court.

*See Commonwealth v. Howard*, 64 A.3d 1082 (Pa.Super. 2013), *appeal denied*, 621 Pa. 114, 74 A.3d 118 (2013).

On November 4, 2013, Appellant timely filed his first PCRA petition *pro se* and an amended *pro se* petition on August 28, 2014, that raised a sentencing claim under *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The PCRA court appointed counsel, who filed an amended PCRA petition, without the *Alleyne* challenge, on September 29, 2014. On June 22, 2015, the PCRA court issued notice of its intent to dismiss, per Pa.R.Crim.P. 907; and, on August 7, 2015, the PCRA court denied relief. This Court affirmed the denial of PCRA relief on March 28, 2017. *See Commonwealth v. Howard*, 168 A.3d 351 (Pa.Super. 2017) (unpublished memorandum). On May 23, 2017, Appellant filed *pro se* the current PCRA petition, which asserted the governmental interference exception to the PCRA time-bar and claimed the first PCRA court, and this Court on appeal, failed to address the *Alleyne* challenge Appellant had raised in his *pro se* amended first PCRA petition back in 2014. The PCRA court issued Rule 907 notice on June 9, 2017, and denied relief on August 4, 2017. On August 14, 2017, Appellant timely filed a *pro se* notice of appeal. The PCRA court did not order and Appellant did not file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issue for our review:

> WHETHER THE PCRA COURT ERRED BY DISMISSING [APPELLANT'S] PCRA PETITION CONCLUDING THAT

APPELLANT DID NOT MEET THE GOVERNMENTAL [INTERFERENCE] SECTION AND FACTS UNKNOWN SECTION WHERE THE APPELLATE COURT OVERLOOKED APPELLANT'S ILLEGAL SENTENCE CLAIM UNDER *ALLEYNE* WHICH WAS PRESERVED BY APPELLANT IN THE PREVIOUS APPEAL?

(Appellant's Brief at 5).

Notwithstanding the phrasing of Appellant's issue presented on appeal, he argues he properly raised a challenge to his sentence under **Alleyne** in his *pro se* amended first PCRA petition in 2014, but counsel's amended PCRA petition excluded that issue; and this Court overlooked it and did not address it *sua sponte* on appeal. Appellant contends these omissions constitute governmental interference to meet that exception to the PCRA time-bar. Appellant submits he raised this claim in his current PCRA petition, which he filed within 60 days of this Court's March 28, 2017 decision on appeal. Appellant avers his illegal sentence challenge is non-waivable because he previously raised it in the PCRA court. Appellant concludes his sentence under Section 9712.1 is unconstitutional per **Alleyne** and **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014), and this Court must vacate the sentence. We cannot agree.

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). No court has jurisdiction to review an untimely PCRA petition. **Commonwealth v. Albrecht**, 606 Pa. 64, 994 A.2d 1091 (2010). A PCRA petition must be filed within one year of the date the underlying judgment

becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To meet the governmental interference exception to the PCRA time-bar, a petitioner must plead and prove that government officials prevented him from raising a claim. 42 Pa.C.S.A. § 9545(b)(1)(i); **Commonwealth v. Crawley**, 559 Pa. 9, 12, 739 A.2d 108, 110 (1999). **See also Commonwealth v. Yarris**, 557 Pa. 12, 24-25, 731 A.2d 581, 577 (1999) (stating appointed counsel does not qualify as government official for purposes of Section 9545(b)(1)(i)). Importantly, a court must have a legitimate jurisdictional basis to entertain a legality of sentence claim, even if a sentencing error is obvious. **Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011), *appeal denied*, 616 Pa 634, 47 A.3d 845 (2012). If the claim is raised in a patently untimely PCRA petition, the petitioner must first overcome certain jurisdictional hurdles to correct his sentence. **Id.** at 522.

Instantly, this Court affirmed the judgment of sentence on March 19, 2013, and our Supreme Court denied Appellant's petition for an allowance of appeal on August 28, 2013. Appellant sought no further review, so the judgment of sentence became final on or about November 26, 2013, following

expiration of the 90-days for filing a petition for *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct. Rule 13. Appellant filed his current PCRA petition on May 23, 2017, which is patently untimely.

To resolve his timeliness problem, Appellant asserted the governmental interference exception to the PCRA time-bar to assert his **Alleyne** issue. Appellant, however, failed to prove the exception because government officials did not prevent him from raising an **Alleyne** claim. **See** 42 Pa.C.S.A. § 9545(b)(1)(i); **Crawley, supra**. Although Appellant introduced an **Alleyne** question in his amended *pro se* first PCRA petition, his appointed counsel abandoned it, and counsel's decision does not qualify as interference of government officials. **See Yarris, supra**. Likewise, this Court's failure to address the claim *sua sponte* in its disposition on appeal from the denial of the first PCRA petition does not satisfy the governmental interference exception to the statutory time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1). Thus, Appellant's current petition remains time-barred, and the PCRA court lacked jurisdiction to review it.[1] **See Zeigler, supra**; **Jackson, supra**. Accordingly, we affirm.

Order affirmed.

---

[1] The fact that the Commonwealth asked for a mandatory minimum at the sentencing hearing is not dispositive. The certified record makes clear in the written sentencing order that Appellant actually received no mandatory minimum sentence, which explains why counsel abandoned the argument in the first PCRA petition and this Court did not raise it *sua sponte* on appeal from the denial of the first PCRA petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/18/18</u>