J-S48007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
                                       :
            v.                              :
                                       :
                                       :
BRUCE A. QUARLES,                 :
                                       :
            Appellant             :     No. 425 EDA 2017

Appeal from the PCRA Order January 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1017681-1981

BEFORE:   DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:           **FILED NOVEMBER 21, 2018**

Appellant, Bruce Quarles, appeals from the Order dismissing his fourth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

On February 17, 1982, the trial court found Appellant guilty of Second-Degree Murder, Criminal Conspiracy, and Robbery following a bench trial.[1] After the trial court denied post-trial motions, it sentenced Appellant on February 14, 1984 to, *inter alia*, a term of life imprisonment for the Second-Degree Murder conviction. This Court affirmed Appellant's Judgment of Sentence on August 16, 1985, and our Supreme Court denied *allocatur* on

_____

[1] 18 Pa.C.S. § 2502(b), 18 Pa.C.S. § 903, and 18 Pa.C.S. § 3701, respectively.

_____

\*   Retired Senior Judge assigned to the Superior Court.

March 31, 1986.[2]  Appellant did not seek review with the U.S. Supreme Court. Thus, Appellant's Judgment of Sentence became final on May 30, 1986.[3]

Appellant filed PCRA Petitions in 1986, 1996, and 1999, none of which garnered relief.[4]  Appellant filed the instant *pro se* Petition, his fourth, on July 25, 2013.  After the appointment of counsel, Appellant filed an amended Petition on February 12, 2015, which he supplemented with exhibits on January 20, 2016.  The court issued a Pa.R.Crim.P. 907 Notice on December 26, 2016, and dismissed Appellant's Petition on January 12, 2017.  This appeal followed.

Appellant presents the following issues for our review:

1. Whether the trial court erred in dismissing Defendant, Bruce Quarles Petition for Post-Conviction Relief where Defendant, Bruce Quarles demonstrated governmental interference?

2. Whether the statute of limitations under the Pennsylvania Post-Conviction Relief Act is tolled due to the trial court's failure to address the issues raised in all previous P.C.R.A. Petitions?

3. Whether the conviction and judgment of sentence should be set aside based upon prosecutorial misconduct committed by the Philadelphia County District Attorney's Office?

---

[2] **Commonwealth v. Quarles**, 503 A.2d 50 (Pa. Super. 1985).

[3] **See** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review); U.S. S. Ct. R. 20.1 (former rule noting that the *certiori* filing deadline was 60 days from the date of denial of allowance of appeal).

[4] This Court affirmed the PCRA court's dismissal of Appellant's 1986 Petition and ruled both the 1996 and 1999 Petitions were untimely.

4. Whether trial counsel and appellate counsel was ineffective in their representation of defendant throughout all stages of the proceedings?

5. Whether if the defendant files a timely notice of appeal approximately two (2) decades ago of a Common Pleas Court Order dismissing his post-conviction petition and until this day no briefing schedule has been issued in that appeal matter and no orders have been issued pursuant to Rule 3115 of the Pennsylvania Rules of Appellate Procedure (Inactive matters) nor pursuant to Rule 1901 of the Pennsylvania Rules of Judicial Administration (Termination of Inactive Matters) dismissing that appeal; does that the appeal has not been adjudicated and is, procedurally, still pending constitute on-going interference with the defendant's attempt to present to the court the relative issues raised in the post-conviction petition and does such ongoing delay with the appellate process in that appeal toll 42 Pa. C.S.A. 9545's time-bar statutes for an adjudication of the issues presented in the post-conviction relief?

6. Whether the sentence given to Defendant, Bruce Quarles was illegal under the law as it existed at the time of sentencing as he should have been made eligible for parole following the service of his sentence and exceeded the statutory maximums authorized by law at the time?

Appellant's Brief at 14-15.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition.

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the

- 3 -

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). In fact, no court has jurisdiction to review the merits of the claims raised in an untimely PCRA Petition. ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005).

As noted above, Appellant's Judgment of Sentence became final on May 30, 1986. This Petition, filed on July 25, 2013, is facially untimely. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Crawley***, 739 A.2d 108, 109 (Pa. 1999).

An untimely PCRA petition may be reviewed if the petitioner pleads and proves the applicability of one of the three limited exceptions to the PCRA's timeliness requirements. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); ***Commonwealth v. Hernandez***, 79 A.3d 649, 652 (Pa. Super. 2013). A petition asserting a timeliness exception must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant asserts that this Petition falls within the PCRA's governmental interference exception provided in 42 Pa.C.S. § 9545(b)(1)(i). Appellant's Brief at 24-43.

In order to meet the statutory requirements of the governmental interference exception provided in Section 9545(b)(1)(i), Appellant must plead and prove that he was unable to raise his claims previously because of interference by government officials in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States. ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006); 42 Pa.C.S. § 9545(b)(1)(i).

Though Appellant avers that "government officials [have] interfered and continued to interfere at every level," the record belies this claim. Appellant's Brief at 30. First, Appellant contends that government interference occurred when the trial court would not allow him to replace post-trial counsel. The record indicates, however, that after extensive discussion on the record at the post-trial hearing, Appellant decided to keep his post-trial counsel. His interference claim is, thus, meritless.

Here, as noted above, Appellant filed an untimely Petition and has failed to prove the application of the governmental interference timeliness exception. Accordingly, this Court is without jurisdiction to consider his other claims.

For the foregoing reasons, we conclude the PCRA court properly dismissed Appellant's fourth PCRA Petition as untimely. We, thus, affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/21/18</u>