J-S31043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :           PENNSYLVANIA
                                                  :
               v.                        :
                                                  :
                                                  :
JEFFREY JOHNSON                   :
                                                  :
                  Appellant             :     No. 2563 EDA 2017

Appeal from the PCRA Order July 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0812041-1976

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED NOVEMBER 21, 2018**

Appellant, Jeffrey Johnson, appeals from the Order dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

On March 13, 1980, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole after finding him guilty of First-Degree Murder in connection with a murder he committed in 1975 when he was eighteen years old. In a *per curiam* Order, our Supreme Court affirmed Appellant's Judgment of Sentence on December 10, 1982.[1] Appellant did not

---

[1] ***Commonwealth v. Johnson***, 452 A.2d 1014 (Pa. 1982).

seek review with the U.S. Supreme Court. Thus, Appellant's Judgment of Sentence became final on February 8, 1983.[2]

Appellant filed his first PCRA Petition in 1997, which did not garner relief. Fifteen years later, on August 13, 2012, Appellant filed the instant *pro se* Petition, his second. On May 25, 2017, the court issued a Pa.R.Crim.P. 907 Notice. Appellant filed a *pro se* "objection" on June 9, 2017. On July 12, 2017, the court dismissed Appellant's Petition as untimely. This appeal followed.

Appellant presents the following issue for our review:

> Did the PCRA court [err] by denying the PCRA petition as untimely [] [where] counsel was appointed and did not participate in the proceedings, and hybrid representation is prohibited?

Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition.

Under the PCRA, any petition "including a second or subsequent petition,

---

[2] **See** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review); U.S. S. Ct. R. 20.1 (former rule noting that the *certiori* filing deadline was 60 days from the date of denial of allowance of appeal).

shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). In fact, no court has jurisdiction to review the merits of the claims raised in an untimely PCRA Petition. *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005).

As noted above, Appellant's Judgment of Sentence became final on February 8, 1983. This Petition, filed nearly thirty years later on August 13, 2012, is facially untimely. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Crawley*, 739 A.2d 108, 109 (Pa. 1999). Our courts may review an untimely PCRA petition if the petitioner pleads and proves the applicability of one of the three exceptions to the PCRA's timeliness requirements. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii); *Commonwealth v. Hernandez*, 79 A.3d 649, 652 (Pa. Super. 2013).

Here, in the instant Petition, Appellant asserts the exception pertaining to a newly recognized constitutional right provided in Section 9545 (b)(1)(iii) by raising a claim based on *Miller v. Alabama*, 132 S.Ct. 2455 (2012). *Miller*

holds that a sentence of life without parole, imposed on an offender who was under the age of 18 at the time of the offense, violates the Eighth Amendment of the U.S. Constitution's prohibition against cruel and unusual punishment. As the PCRA court properly recognized, Appellant was not under the age of 18 when he committed his crime. **Miller** is, thus, not applicable here.

In his Brief's one-page argument section, Appellant does not develop his **Miller** claim at all.[3] Rather, he asserts that appointed counsel provided no assistance. Appellant's Brief at 7. Although the court may have appointed counsel to represent Appellant in his first PCRA Petition in 1997, the record indicates that the court did not appoint counsel to represent Appellant in this second PCRA proceeding.[4] Accordingly, Appellant's claim is without factual basis.

Because Appellant filed an untimely PCRA Petition with no applicable timeliness exception, the PCRA court properly concluded it had no jurisdiction to consider its merits. This Court, likewise, lacks jurisdiction. We, thus, affirm.

Order affirmed.

---

[3] **See Commonwealth v. Perez**, 93 A.3d 829, 838 (Pa. 2014) (finding that claims failing to provide developed argument or cite supporting authorities and the record are waived).

[4] Courts are not required to appoint counsel to represent petitioners who file a second PCRA petition unless an evidentiary hearing is required or the interests of justice support it. Pa.R.Crim.P. 904.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/18