J-S26009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS MCKEITHAN | : | |
| | : | |
| Appellant | : | No. 3752 EDA 2017 |

Appeal from the PCRA Order October 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0101441-1983

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI[*], J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 31, 2019**

Dennis McKeithan appeals *pro se* from the order dismissing his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We conclude the court properly recognized McKeithan's petition was time-barred, and therefore affirm.[1]

In 1983, a jury convicted McKeithan of five counts of robbery, one count of criminal conspiracy, and one count of possessing an instrument of crime. The trial court imposed an aggregate sentence of 57 to 115 years'

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We also deny McKeithan's application to file a *nunc pro tunc* reply brief. While a review of the record reveals that the Commonwealth did not properly serve its Appellee's Brief, it also reveals that the Commonwealth has not raised any issue beyond those raised by the PCRA court. Therefore, there are no apparent issues which McKeithan could raise in a reply brief. **See** Pa.R.A.P. 2113(a). Further, McKeithan has not identified any such issue in his application.

imprisonment. This Court affirmed the judgment of sentence, *see Commonwealth v. McKeithan*, 496 A.2d 852 (Pa. Super. filed May 10, 1985) (unpublished memorandum), and McKeithan did not seek *allocatur* with the Pennsylvania Supreme Court.

In the years that followed, McKeithan filed four PCRA petitions[2] pursuant to the PCRA. All of these petitions were denied.

On August 28, 2015, McKeithan filed the instant petition, his fifth, alleging his entitlement to relief based on *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court of the United States held that the residual clause of the Armed Career Criminal Act's definition of violent felony was unconstitutionally vague. *See id.*, at 2563.

Counsel was appointed, who later filed a *Turner/Finley*[3] "no-merit letter" and a request to withdraw. The PCRA court granted counsel's request and issued notice of its intent to dismiss the petition. Despite McKeithan's response, the court ultimately dismissed his petition as untimely on October 10, 2017. This timely appeal follows.

Prior to reaching the merits of McKeithan's claims, we must first consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

---

[2] Appellant filed his first four petitions under the PCRA on January 14, 1994, January 16, 1997, August 2, 2000, and August 22, 2008, respectively.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988)(*en banc*), respectively.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

McKeithan's judgment of sentence became final on June 9, 1985,[4] when the time to file a petition for *allocator* with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). His petition, filed more than 30 years later, is facially untimely. Thus, the PCRA court lacked

---

[4] When, as here, the judgment of sentence became final prior to January 16, 1996 – the effective date of the 1995 amendments to the PCRA – a first PCRA petition would be deemed timely filed if it was filed within one year of that date. *See Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). However, this grace period does not apply to serial petitions such as this petition, McKeithan's fifth. *See Commonwealth v. Crawley*, 739 A.2d 108 (Pa. 1999). Further, it is clear that this petition was not timely filed under this provision in any event.

jurisdiction to review McKeithan's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time-bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).[5]

McKeithan argues that he meets the "newly-recognized constitutional right" exception to the PCRA's time-bar. ***See*** Appellant's Brief, at 15. Specifically, McKeithan argues ***Johnson*** announced a retroactive

---

[5] On October 24, 2018, the General Assembly amended section 9545(b)(2) of the PCRA statute to expand the time for filing a petition from 60 days to one year from the date a claim could have been presented. See 2018 Pa.Legis.Serv.Act 2018-146(S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, *i.e.*, December 24, 2017, or thereafter. Instantly, McKeithan filed his petition in 2015. Therefore, the amendment is inapplicable to McKeithan's claim.

- 4 -

constitutional right that permitted review of his petition. **See id**. However, our Supreme Court has explicitly held that **Johnson** did *not* announce a new constitutional right permitting review of an otherwise untimely PCRA petition. **See Commonwealth v. Spotz**, 171 A.3d 675, 682 (Pa. 2017). Thus, McKeithan has failed to prove an exception to the PCRA's time-bar.

As McKeithan's petition was clearly facially untimely and he failed to prove an exception to the PCRA's time-bar, we find the PCRA court properly dismissed his serial PCRA petition as untimely.[6]

Order affirmed. Application to file reply brief *nunc pro tunc* denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/19

---

[6] In addition to his PCRA claims, McKeithan also alleges that his Sixth Amendment right to self-representation was violated when the PCRA court appointed counsel in contravention to his stated desire to proceed *pro se*. While we need not reach this issue as we have determined the petition itself was untimely, and McKeithan has not identified how he was prejudiced by this alleged failure, we do note that contrary to McKeithan's claims, he did *not* indicate his desire to proceed *pro se* in his petition. *See* PCRA Petition, 8/28/15 at ¶ 16. Thus, even if we were to reach this issue, it would be meritless.