J-S54031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL BENEDICT WOLF | : | |
| | : | |
| Appellant | : | No. 388 MDA 2019 |

Appeal from the PCRA Order Entered February 26, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0008008-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL BENEDICT WOLF | : | |
| | : | |
| Appellant | : | No. 389 MDA 2019 |

Appeal from the PCRA Order Entered February 26, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0008019-2013

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 19, 2020**

Appellant, Paul Benedict Wolf, appeals *pro se* from the February 26, 2019 Order entered in the York County Court of Common Pleas dismissing as untimely his serial Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On February 21, 2014, Appellant pled *nolo contendere* to two counts of Intimidating a Witness at Docket Number 8019-2013 and one count of False

Reports at Docket Number 8008-2013.[1]  That same day, the court sentenced Appellant to an aggregate term of 1-2 years' incarceration.[2]  Appellant did not file a direct appeal from his Judgment of Sentence.  Appellant's Judgment of Sentence, thus, became final on March 24, 2014.[3]  *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

Appellant filed a first PCRA Petition at both docket numbers on May 21, 2014.  On September 19, 2014, the PCRA court denied Appellant relief. Appellant did not file a direct appeal to this Court.[4]

On September 24, 2018, Appellant filed *pro se* the instant PCRA Petition at both trial court docket numbers.  On December 14, 2018, Appellant filed a

---

[1] 18 Pa.C.S. §§ 4952(a)(1) and 4906(b)(1), repectively.

[2] Specifically, the court sentenced Appellant to two concurrent terms of 1 to 2 year's incarceration for his convictions of Intimidating a Witness at Docket Number 8019-2013, and a concurrent term of 6 to 12 months' incarceration for his False Reports conviction at Docket Number 8008-2013.  The court ordered Appellant to serve these sentences consecutive to his aggregate 5- to 10-year sentence of incarceration imposed for his firearms convictions at Docket Number 7563-2011.

[3] March 23, 2014, the thirtieth day after entry of Appellant's Judgment of Sentence, fell on a Sunday.

[4] Previously, on March 16, 2015, Appellant filed a PCRA petition at Docket Number 8019-2013, as well as two other docket numbers not relevant to the instant appeal.  The PCRA court denied Appellant relief, and, with respect to Docket Number 8019-2013, on August 12, 2016, this Court affirmed.  *See* *Commonwealth v. Wolf*, 156 A.3d 335 (Pa. Super. 2016) (unpublished memorandum).

*pro se* "Attachment/Amendment to Existing PCRA Petition," in which he reiterated his claims.

On December 21, 2018, the PCRA court held a hearing on Appellant's Petition, and subsequently dismissed the Petition as untimely. Appellant filed timely *pro se* Notices of Appeal at both docket numbers.[5] The PCRA court has filed an Opinion pursuant to Pa.R.A.P. 1925(a).

Although it is difficult to discern the issues Appellant seeks to raise in this Appeal,[6] we glean from his *pro se* Appellant Brief that he challenges the effectiveness of "each and every attorney that represented him" and alleges that prosecutorial misconduct denied him his right to a fair trial. Appellant's Brief at 9.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition.

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme

---

[5] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement.

[6] Appellant has not included a Statement of Questions Involved as required by Pa.R.A.P. 2111(a)(4).

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). In fact, no court has jurisdiction to review the merits of the claims raised in an untimely PCRA Petition. **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005).

As noted above, Appellant's Judgment of Sentence became final on March 24, 2014. This Petition, filed more than four years later, on September 24, 2018, is facially untimely. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Crawley**, 739 A.2d 108, 109 (Pa. 1999). Our courts may review an untimely PCRA petition if the petitioner pleads and proves the applicability of one of the three exceptions to the PCRA's timeliness requirements. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); **Commonwealth v. Hernandez**, 79 A.3d 649, 652 (Pa. Super. 2013).

Our review of Appellant's Petition and his Brief to this Court reveal that Appellant has not pleaded or proved the applicability of any of the exceptions to the PCRA's time bar. Accordingly, the PCRA court lacked jurisdiction to address the merits of Appellant's claims.

Because Appellant filed the instant PCRA Petition more than one year after his Judgment of Sentence became final and did not assert any of the

exceptions to the PCRA's time bar, this court is, likewise, without jurisdiction to address the merits of the issues raised.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/19/2020