J-S06005-21
J-S06006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DERRICK RAGAN | : | |
| | : | |
| Appellant | : | No. 507 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 18, 1992
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0926161-1990

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DERRICK RAGAN | : | |
| | : | |
| Appellant | : | No. 508 EDA 2020 |

Appeal from the PCRA Order Entered May 18, 1998
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0926161-1990

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 22, 2021**

In a third petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, Ragan sought the restoration of his

direct and collateral appeal rights *nunc pro tunc* based on **Williams v.**

**Pennsylvania,** 136 S.Ct. 1899, 1908-1909 (2016) (holding that a

_____

[*] Retired Senior Judge assigned to the Superior Court.

defendant's due process rights are violated when a judge in the defendant's judicial proceedings had an earlier "significant, personal involvement as a prosecutor in a critical decision in the defendant's case"). The PCRA court granted that relief, and Ragan filed both reinstated appeals to this Court. We transferred jurisdiction to the Supreme Court because Ragan had originally been subjected to the death penalty. **See** 42 Pa.C.S.A. § 9711(h)(1), § 9546(d). The Supreme Court vacated that order and has now returned the matter to this Court with instructions to consider whether Ragan's PCRA petition was untimely under **Commonwealth v. Reid**, 235 A.3d 1124 (Pa. 2020). As we conclude that it is, we quash Ragan's appeals.

Although we now dispose of this case on timeliness grounds, the following factual and procedural history that we recounted in our initial memorandum remains relevant. As we stated there, Ragan was convicted of first-degree murder and sentenced to life imprisonment for the murder of Anthony Thomas a few months before being tried for the instant case. In the Thomas case, the Honorable Ronald Castille, who was the Philadelphia District Attorney at the time, had signed an immunity petition for a key eyewitness to the shooting of Thomas. Following that conviction, Ragan was tried by a jury in the instant case, this time for the killing of Darren Brown. The jury convicted Ragan of first-degree murder for the killing of Brown.

The Commonwealth sought a sentence of death against Ragan.[1] At the penalty phase hearing, the jury found one aggravating circumstance; namely, that Ragan had been convicted and sentenced to life imprisonment for the first-degree murder of Thomas. *See* 42 Pa. C.S.A. § 9711 (d)(10). After weighing that aggravating circumstance against the two mitigating circumstances the jury also found, the jury returned a sentence of death. The trial court formally imposed the death sentence on Ragan on March 18, 1992.

Because Ragan was subject to a sentence of death, the direct appeal filed by Ragan from that sentence went directly to the Supreme Court of Pennsylvania. *See* 42 Pa.C.S.A. § 9711(h)(1). The Supreme Court, which the Honorable Ronald Castille had subsequently been elected to, unanimously affirmed Ragan's judgment of sentence on July 29, 1994. *See Commonwealth v. Ragan*, 645 A.2d 811 (Pa. 1994). Ragan did not file a writ of *certiorari* to the United States Supreme Court.

Ragan did, however, file a PCRA petition, which the PCRA court denied. Again, because Ragan was subject to a sentence of death, Ragan's appeal from the denial of the PCRA petition went directly to our Supreme Court. *See* 42 Pa.C.S.A. § 9546(d). The Court, with Justice Castille again participating,

---

[1] The Honorable Lynne Abraham, who succeeded the Honorable Ronald Castille as Philadelphia's District Attorney, signed the memoranda requesting authorization to seek the death penalty in Ragan's case.

affirmed the denial of post-conviction relief. **See Commonwealth v. Ragan**, 743 A.2d 390 (Pa. 1999). Ragan filed a second PCRA petition, which the PCRA court dismissed as untimely. Ragan appealed, and the Supreme Court, with Justice Castille still sitting, once again affirmed the dismissal of the petition. **See Commonwealth v. Ragan**, 923 A.2d 1169 (Pa. 2007).

Ragan filed a third PCRA petition on August 4, 2016, which he then supplemented with an amended petition.[2] In his petitions, Ragan claimed that he was entitled to relief pursuant to **Williams**. **Williams** also involved the Honorable Ronald Castille's participation in a capital case. There, then-District Attorney Castille had signed the authorization for the prosecutor in Williams's case to seek the death penalty, and Williams was convicted of first-degree murder and sentenced to death. Williams later filed a PCRA petition seeking, among other things, a new penalty-phase hearing, which the PCRA court granted. The Commonwealth appealed and the Pennsylvania Supreme Court, led by then Chief Justice Castille, reversed and reinstated the death penalty.

Williams appealed to the Supreme Court of the United States, which held that Chief Justice Castille's failure to recuse himself from the review of the Commonwealth's appeal "presented an unconstitutional risk of bias."

---

[2] Justice Castille became Chief Justice of the Supreme Court in 2008, but retired before Ragan filed his third PCRA petition in 2016.

*Williams*, 136 S.Ct. at 1907. The Supreme Court of the United States therefore vacated the Supreme Court of Pennsylvania's decision, and remanded the matter for the Pennsylvania Supreme Court to reconsider the appeal without the participation of Chief Justice Castille. *See id*. at 1910.

Based on *Williams*, Ragan argued that he was entitled to relief because then-Justice Castille's participation in Ragan's direct and PCRA appeals "gave rise to an unacceptable risk of bias" and therefore violated his due process rights. *Williams*, 136 S.Ct. at 1908. Ragan's argument was largely premised on the immunity petition that then-District Attorney Castille had signed in the Thomas case, which the Commonwealth had not disclosed until after Ragan had filed his third PCRA petition.

The PCRA court agreed with Ragan that he was entitled to relief under *Williams*, and on January 10, 2020, the court entered an order granting Ragan's PCRA petition and reinstating Ragan's direct appeal as well as his PCRA appeal rights *nunc pro tunc*.[3] The court subsequently vacated Ragan's

_____

[3] The Commonwealth did not appeal the PCRA court's order, though this does not, under *Reid*, affect our ability to consider the matter. *See Reid*, 235 A.3d at 1143 (stating that "it is appropriate for an appellate court to consider *sua sponte* the timeliness of a PCRA petition from which *nunc pro tunc* appellate rights have been reinstated, even where the Commonwealth has not separately appealed" from the order granting relief). The Commonwealth did argue in its appellate brief to this Court that now that *Reid* had been issued, this Court must necessarily find Ragan's PCRA petition to be untimely under that decision. *See* Commonwealth's Brief at 8.

death sentence as the conviction for the first-degree murder for Thomas, which supported the sole aggravating circumstance found in the penalty phase of this case, had been overturned. Ragan was resentenced to life in prison.

Ragan filed two separate notices of appeal to this Court, one relating to his reinstated direct appeal and the other relating to his reinstated PCRA appeal. We consolidated the matter *sua sponte*, and as noted above, transferred jurisdiction to the Pennsylvania Supreme Court as we believed jurisdiction properly resided there given the case's original status as one where the death penalty had been imposed. ***See Commonwealth v. Ragan***, 507 & 508 EDA 2020 (Pa. Super. 2021) (unpublished memorandum). The Supreme Court of Pennsylvania disagreed, vacated our order, and transferred jurisdiction back to this Court for disposition with the following instructions:

> The Superior Court is directed to address whether the PCRA petitions were timely filed in light of ***Commonwealth v. Reid***, 235 A.3d 1124 (Pa. 2020), which was issued after the PCRA court reinstated these appeals.

Per Curiam Order, 9/7/21, at 2. We do so now, and conclude that Ragan's PCRA petition was untimely.

The courts of this Commonwealth only have jurisdiction over a PCRA petition if it is timely filed. ***See Reid***, 235 A.3d at 1140. Generally, for a petition to be timely under the PCRA, the petitioner must file the petition within one year of the date that the petitioner's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)1). A "judgment becomes final at the

- 6 -

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. at § 9545(b)(3).

Here, the Pennsylvania Supreme Court affirmed Ragan's judgment of sentence on July 29, 1994. Because Ragan did not seek *certiorari* from the United States Supreme Court, his judgment of sentence became final on October 27, 1994, when the 90-day period for filing a writ of *certiorari* expired. *See id*.; U.S.S.Ct.R. 13.1. Ragan did not file his third PCRA petition until August 4, 2016, making it patently untimely.[4] Therefore, in order to have the merits of his petition considered, Ragan would have to prove that the claim in his petition fit into one of the following three exceptions to the PCRA's timebar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

---

[4] The Supreme Court has held that when, as here, a petitioner's judgment of sentence became final on or before the PCRA's effective date, *i.e.* January 16, 1996, a first petition is deemed timely under the PCRA if it was filed within one year of the effective date of the PCRA. *See Commonwealth v. Crawley*, 739 A.2d 108, 109 (Pa. 1999). This grace period is obviously not applicable to Ragan's instant PCRA petition, as it is his third. *See id*.

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, Ragan maintained in his PCRA petition that his claim based on *Williams* fit into all three of these exceptions. *See* PCRA Petition, 8/4/16, at 3-5. As indicated by the Supreme Court's order above, following the filing of Ragan's PCRA petition, as well as the PCRA court's order granting relief pursuant to that petition, our Supreme Court issued its opinion in *Reid*. *Reid* rendered Ragan's timeliness argument meritless.

There, Reid filed a second PCRA petition, arguing that he was entitled to relief under *Williams* because then-District Attorney Castille had authorized the use of the death penalty against him and had subsequently participated as the Chief Justice on the Supreme Court in his appeal from the denial of his first PCRA petition. *See Reid*, 235 A.3d at 1131, 1133. While Reid recognized that he had filed his second PCRA petition well after one year from when his judgment of sentence became final, he argued that his *Williams* claim met all three exceptions to the PCRA's timebar. *See id*. at 1133. The PCRA court agreed with Reid that his petition fell under the newly-discovered fact exception to the PCRA's timeliness requirements, and the court subsequently granted Reid *nunc pro tunc* relief on the basis of *Williams*. *See id*. at 1137-1138.

On appeal, however, our Supreme Court concluded that the PCRA court had improperly exercised jurisdiction over Reid's petition. Instead, the Supreme Court found that Reid's *Williams* claim not only failed to meet the newly-discovered fact exception but in fact, failed to meet any of the PCRA's timeliness exceptions. *See id*. at 1144-1156. The Court therefore held that the PCRA court, and in turn the Supreme Court, lacked jurisdiction to grant any relief pursuant to Reid's untimely petition. *See id*. at 1143 (stating that if a PCRA petition is untimely, neither the trial court nor an appellate court has jurisdiction over the petition and consequently cannot address any of the substantive claims in the petition).

*Reid* compels the conclusion that the *Williams* claim raised in Ragan's third PCRA petition does not meet any of the exceptions to the PCRA's timebar. We recognize that Ragan's *Williams* claim differs from Reid's in so much as it is primarily predicated on then-District Attorney Castille's signing of an immunity petition. This does not, however, alter our conclusion that Ragan's PCRA petition must be considered untimely pursuant to *Reid*. We find support for this conclusion in our Supreme Court's disposition of *Commonwealth v. Jones*, 239 A.3d 18 (Pa. 2020).

In *Jones*, a capital case, Jones filed a fourth PCRA petition arguing that he was entitled to relief pursuant to *Williams.* He contended such relief was warranted because then-District Attorney Castille had significant personal involvement with his criminal cases, including the granting of immunity for

testimony against him in a previous case. *See* PCRA Court Opinion, 12/14/2017, 763 CAP, at 5-6. Despite this involvement, Justice Castille then went on to author the Supreme Court's decision affirming Jones's judgment of death on direct appeal and then the Court's decision affirming the denial of Jones's first PCRA petition. *See Commonwealth v. Jones*, 668 A.2d 491 (Pa. 1995); *Commonwealth v. Jones* 811 A.2d 994 (Pa. 2002). He also participated in the High Court's affirmance of the dismissal of Jones's second and third PCRA petitions. *See Commonwealth v. Jones*, 858 A.2d 75 (Pa. 2004); *Commonwealth v. Jones* 54 A.3d 14 (Pa. 2012). According to Jones, this violated his due process rights under *Williams*.

In deciding whether it had jurisdiction over Jones's fourth PCRA petition and therefore the ability to consider the *Williams* claim Jones raised in that petition, the PCRA court acknowledged that Jones had filed his second petition many years after his judgment of sentence became final. *See* PCRA Court Opinion, 12/14/2017, 763 CAP, at 7. However, the PCRA court found that it was able to exercise jurisdiction over the petition because, in its opinion, Jones's *Williams* claim met all three exceptions to the PCRA's timebar. *See id*. at 8-17. The PCRA court granted the petition and reinstated Jones's appellate rights *nunc pro tunc*. *See id*. at 2. On appeal, the Pennsylvania Supreme Court clearly disagreed with the PCRA court that it had jurisdiction over Jones's petition as evidenced by the following *per curiam* order the Supreme Court issued:

> AND NOW, this 21st day of September, 2020, the appeal is QUASHED. ***See Commonwealth v. Reid***, ---Pa.---, 235 A.3d 1124 (2020) (quashing serial appeal after concluding that ***Williams v. Pennsylvania***, ---U.S.---, 136 S.Ct. 1899, 195 L.Ed.2d 132 (2016), does not provide exception to timeliness requirements of Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and thus PCRA court lacked jurisdiction to reinstate appellate rights *nunc pro tunc*).

***Jones***, 239 A.3d 18.

Applying ***Reid*** and ***Jones*** here, it is clear that we must likewise quash Ragan's appeals as the PCRA court granted Ragan *nunc pro tunc* relief pursuant to an untimely petition over which it had no jurisdiction.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2021

- 11 -