J. S02006/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
STEVEN WILLIAMS, : No. 3572 EDA 2017
:
Appellant :


Appeal from the PCRA Order, October 3, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1103373-1988


BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 06, 2019**

Steven Williams appeals ***pro se*** from the October 3, 2017 order entered by the Court of Common Pleas of Philadelphia County denying his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court provided the following synopsis of the procedural history of this case:

> [Appellant] was arrested and subsequently charged in connection with the 1980 "contract killing" of John Philson. On May 25, 1990, following a jury trial presided over by the Honorable Albert F. Sabo, [appellant] was convicted of first-degree murder and criminal conspiracy.[1] On May 30, 1990, the trial court sentenced [appellant] to life imprisonment for the murder conviction. Following a direct appeal, the Superior Court affirmed the judgment of sentence on

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 903(a), respectively.

October 20, 1994.[Footnote 2]. The Pennsylvania Supreme Court denied [appellant's] petition for allowance of appeal on March 20, 1995.[Footnote 3]

> [Footnote 2] ***Commonwealth v. Williams***, 654 A.2d 604 (Pa.Super. 1994) (unpublished memorandum).

> [Footnote 3] ***Commonwealth v. Williams***, 657 A.2d 490 (Pa. 1995).

On September 6, 1996, [appellant] filed his first ***pro se*** PCRA petition. Appointed counsel subsequently filed a ***Turner/Finley*** "no-merit" letter.[Footnote 4] The PCRA court denied relief on June 25, 1998 and permitted counsel to withdraw. [Appellant] filed a ***pro se*** appeal. On September 29, 2000, the Superior Court vacated the order denying PCRA relief and remanded for the appointment of new counsel.[Footnote 5] On May 18, 2001, the PCRA court again denied relief and permitted counsel to withdraw. The Superior Court affirmed the order of the PCRA court denying relief.[Footnote 6]

> [Footnote 4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).

> [Footnote 5] ***Commonwealth v. Williams***, 766 A.2d 894 (Pa.Super. 2000) (unpublished memorandum).

> [Footnote 6] ***Commonwealth v. Williams***, 806 A.2d 468 (Pa.Super. 2002) (unpublished memorandum).

[Appellant] was subsequently unsuccessful in obtaining collateral relief through serial petitions filed in 2007 and 2011.

On August 15, 2016, [appellant] filed the instant ***pro se*** PCRA petition, his fourth. Pursuant to Pennsylvania Rule of Criminal Procedure 907,

> [appellant] was served notice of the PCRA court's intention to dismiss his petition on July 5, 2017. [Appellant] submitted a response to the Rule 907 notice on July 24, 2017. On October 3, 2017, the PCRA court dismissed [appellant's] PCRA petition as untimely. On October 24, 2017, the instant notice of appeal was timely filed to the Superior Court.

PCRA court opinion, 1/9/18 at 1-2. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 9, 2018, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> [1.] The legal question involved in this appeal is whether [appellant] sufficiently satisfies his burden to proof pursuant to [42 Pa.C.S.A. §] 9545(b)(1)(ii)[?]
>
> [2.] And whether [appellant] clearly established his filing was within the 60-day window allowable by [42 Pa.C.S.A. §] 9545(b)(2)[?]
>
> [3.] Whether [t]he PCRA court failed to clarified [sic] any correctable errors in the wording of a pro se petition which could prevent dismissal of an other wise [sic] serious claim of merit[?]

Appellant's brief at ii.

Having determined, after careful review, that the Honorable Genece E. Brinkley, in her Rule 1925(a) opinion, ably and comprehensively disposes of appellant's issues on appeal, with appropriate reference to the record and without legal error, we will affirm on the basis of that opinion. It is clear that

appellant's assertions of after-discovered evidence regarding the recanted and/or fabricated testimony of trial witnesses were not timely pursued.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/19

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

---

**COMMONWEALTH OF PENNSYLVANIA**

**v.**

**STEVEN WILLIAMS**                                              **CP-51-CR-1103373-1988**
                                                                 **3572 EDA 2017**

**OPINION**

**GENECE E. BRINKLEY, J.**                                       **Date: January 9, 2018**

---

This appeal comes before the Superior Court following the dismissal of a Post Conviction Relief Act ("PCRA")[1] petition filed on August 15, 2016. On October 3, 2017, this court dismissed the PCRA petition for the reasons set forth below.

## I. PROCEDURAL HISTORY

Steven Williams (hereinafter referred to as "Petitioner") was arrested and subsequently charged in connection with the 1980 "contract killing" of John Philson. On May 25, 1990, following a jury trial presided over by the Honorable Albert F. Sabo, Petitioner was convicted of first-degree murder and criminal conspiracy. On May 30, 1990, the trial court sentenced Petitioner to life imprisonment for the murder conviction. Following a direct appeal, the Superior Court affirmed the judgment of sentence on October 20, 1994.[2] The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on March 20, 1995.[3]



CP-51-CR-1103373-1988 Comm. v. Williams, Steven
Opinion

8059145141

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] *Commonwealth v. Williams,* 654 A.2d 604 (Pa. Super. 1994) (unpublished memorandum).
[3] *Commonwealth v. Williams,* 657 A.2d 490 (Pa. 1995).

1

On September 6, 1996, Petitioner filed his first *pro se* PCRA petition. Appointed counsel subsequently filed a *Turner/Finley* "no-merit" letter.[4] The PCRA court denied relief on June 25, 1998 and permitted counsel to withdraw. Petitioner filed a *pro se* appeal. On September 29, 2000, the Superior Court vacated the order denying PCRA relief and remanded for the appointment of new counsel.[5] On May 18, 2001, the PCRA court again denied relief and permitted counsel to withdraw. The Superior Court affirmed the order of the PCRA court denying relief.[6]

Petitioner was subsequently unsuccessful in obtaining collateral relief through serial petitions filed in 2007 and 2011.

On August 15, 2016, Petitioner filed the instant *pro se* PCRA petition, his fourth. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the PCRA court's intention to dismiss his petition on July 5, 2017. Petitioner submitted a response to the Rule 907 notice on July 24, 2017. On October 3, 2017, the PCRA court dismissed his PCRA petition as untimely. On October 24, 2017, the instant notice of appeal was timely filed to the Superior Court.

## II.  DISCUSSION

Petitioner's current PCRA petition seeking relief on the basis of newly-discovered evidence was untimely filed and none of the exceptions to the time-bar are applicable. The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson,* 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including

---

[4] *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. 1988) (*en banc*).
[5] *Commonwealth v. Williams,* 766 A.2d 894 (Pa. Super. 2000) (unpublished memorandum).
[6] *Commonwealth v. Williams,* 806 A.2d 468 (Pa. Super. 2002) (unpublished memorandum).

2

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Petitioner's judgment of sentence became final for PCRA purposes on June 18, 1995, ninety days after the Pennsylvania Supreme Court denied *allocatur* and the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa. Cons. Stat. § 9545(b)(3); U.S. Sup. Ct. R. 13. Petitioner's *pro se* petition, filed on August 15, 2016, was therefore untimely by approximately twenty years.[7] *See* 42 Pa. Cons. Stat. § 9545(b)(1).

Despite the one-year deadline, the PCRA permits the late filing of a petition where a petitioner alleges and proves one of the three narrow exceptions to the mandatory time-bar under 42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

In attempt to overcome the PCRA's time-bar, Petitioner argued that his petition fell within the previously-unknown fact exception, § 9545(b)(1)(ii).[8] Specifically, Petitioner claimed

---

[7] Because Petitioner's judgment of sentence became final prior to the January 1, 1996 effective date of the 1995 amendments to the PCRA, he had one year from that date to file a timely first PCRA petition. However, because the petition at issue is Petitioner's fourth petition, he does not qualify for this grace period. *See generally, Commonwealth v. Crawley,* 739 A.2d 108 (Pa. 1999).

[8] The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett,* 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr,* 768 A.2d 1164, 1168 (Pa. Super. 2001).

3

that two Commonwealth witnesses, Steven Moore and Terri Harris, have admitted to fabricating their 1990 trial testimony.

To substantiate the purported fact that Steven Moore fabricated his trial testimony, Petitioner appended a 2016 affidavit from Moore recanting his testimony and claiming Petitioner's cohort Leroy Clacks committed the murder.[9] *See* Memorandum of law, 7/24/17 at Exhibit 4. Petitioner failed, however, to demonstrate that the facts detailed in Moore's affidavit were unknown as Moore previously authored a similar affidavit in 2000. *See id.* at Exhibit 1. Moreover, Petitioner unsuccessfully raised a post-conviction claim on the basis of Moore's prior recantation. *See Commonwealth v. Williams*, 4 A.3d 669 (Pa. Super. 2010), unpublished memorandum at 6-8. Thus, because Moore's recantation was previously known, Petitioner failed to overcome subsection 9545(b)(1)(ii) on the basis of Moore's reworded, yet substantively equivalent, affidavit.

Regarding Terri Harris' purported admission to fabricating testimony, Petitioner claimed, without supporting evidence, that Harris told Petitioner's daughter, Nneka Lyons, who in turn disclosed to him, the details of Harris' fictitious testimony. *See* Memorandum of law, 7/24/17 at 2. Although Petitioner acknowledged his omission of affidavits signed by the relevant witnesses, he claimed that he would submit them in an amended petition. *See* Motion to amend, 2/22/17. He did not do so. Instead, Petitioner again merely drafted "certifications" of Terri Harris, Ronzlex Harris (Harris' brother), Nneka Lyons (Petitioner's daughter), and Walter Lee (investigator).[10] *See* 907 Memorandum of law, 7/24/17 at Exhibits A-D; PCRA petition, 6/15/16 at 6. Despite

---

A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

[9] Leroy Clacks was shot and killed in retaliation for Philson's murder by Philson's brother, Albert Ross two months after Philson's murder. Clacks was therefore never prosecuted. *Commonwealth v. Williams*, 654 A.2d 604 (Pa. Super. 1994), unpublished memorandum at 3, n. 8 (unpaginated).

[10] Although each certification was signed by Petitioner, two of them were written in the first person perspective, while the remaining two were written in the third person. It is unclear if this inconsistency was simply the result of stylistic oversight or if the first-person certifications were intended to reproduce unattached statements from those witnesses.

4

Petitioner's expression of intent to provide affidavits, his unsupported averments were insufficient to satisfy his burden of proof pursuant to subsection 9545(b)(1)(ii).

Furthermore, even if Petitioner sufficiently proved the facts underlying his claim and satisfied the due diligence prong of subsection 9545(b)(1)(ii), he failed to demonstrate that he raised this claim within the sixty-day window to trigger the exception. *See* 42 Pa. Cons. Stat. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."). According to Petitioner, he discovered the facts relating to Harris following conversations beginning in June 2016. *See* Memorandum of law, 7/24/17 at 2. Petitioner mistakenly claimed that he filed his PCRA petition in July 2016. *See id.* In fact, Petitioner filed his petition on August 15, 2016. *See* PCRA petition, 8/15/16. Thus, because Petitioner did not allege the specific date that he became aware of the relevant facts, it is unclear whether he filed his petition within the sixty-day window.

## III. CONCLUSION

This court has once again evaluated a serial untimely collateral petition filed by Mr. Williams. Petitioner failed, however, to plead and prove an exception to the PCRA's timeliness provision. Accordingly, for the reasons stated herein, the decision of the court dismissing the PCRA petition should be affirmed.

BY THE COURT:

_____
BRINKLEY, J.

5