J-S14026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESUS GARCIA | : | |
| | : | |
| Appellant | : | No. 1540 EDA 2018 |

Appeal from the PCRA Order April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0220721-1991

BEFORE: LAZARUS, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED APRIL 05, 2019**

Appellant Jesus Garcia appeals *pro se* from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that the PCRA court erred in dismissing his petition without a hearing and asserts that he established all three time-bar exceptions contained in 42 Pa.C.S. 9545(b)(1)(i)-(iii). He further claims that he was entitled to appointed counsel for an evidentiary hearing. We affirm.

We adopt the PCRA court's facts and procedural history.[2] **See** PCRA Ct. Op., 7/13/18, at 1-6.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Although Appellant filed the instant *pro se* petition in 2010 and numerous *pro se* materials thereafter, there is no explanation in the record for the nearly

On appeal, Appellant claims that the PCRA court erred in dismissing his petition as untimely. Appellant's Brief at 4. Specifically, he argues that he properly raised exceptions to the PCRA time bar by alleging the previously unknown facts, governmental interference, and newly-recognized constitutional rights exceptions under Section 9545(b)(1)(i)-(iii). *Id.* He also claims that his due process rights were violated because he raised questions of disputed facts, but the PCRA court failed to appoint counsel or hold an evidentiary hearing on his claims. *Id.*

Following our careful review of the record, the parties' briefs, and the well-reasoned opinion of the PCRA court, we affirm on the basis of the PCRA court's decision that Appellant filed a facially untimely PCRA petition and failed to plead and prove the applicability of any exception to the PCRA time-bar.[3]

_____

seven-year delay between Appellant's initial filing and the assignment of this matter to the PCRA court.

[3] In support of his petition, Appellant attached three witness statements alleging that Appellant was intoxicated on the night of the crime. The PCRA court found that two of the statements, and the claims derived therefrom, were submitted beyond the sixty-day window mandated by section 9545(b)(2). Therefore, the PCRA court dismissed Appellant's claims on that basis.

On October 24, 2018, the General Assembly amended section 9545(b)(2), and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. However, the amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. Accordingly, because Appellant's claims were raised in 2010, the amendment does not apply.

*See* PCRA Ct. Op., 7/13/18, at 1-6. Additionally, because Appellant failed to raise any genuine issues of fact regarding an applicable statutory exception, the PCRA court properly dismissed Appellant's petition without a hearing and without appointing counsel.[4] *See* Pa.R.Crim.P. 904(D), 907(1); *see also Commonwealth v. Hart*, 199 A.3d 475, 482 (Pa. Super. 2018) (stating that an evidentiary hearing is required where a petitioner presents genuine issues of material fact).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/19

---

[4] In his brief, Appellant argues that he is entitled to relief under *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibited the issuance of mandatory life sentences without parole for juvenile offenders. Although Appellant was over eighteen at the time of the instant offense, he relies on this Court's *en banc* review of *Commonwealth v. Lee*, ___ A.3d ____, 2019 PA Super 64, at *9 (Pa. Super. 2019) (*en banc*), which was pending at the time Appellant filed his brief. However, we recently issued our decision in *Lee*, which confirmed that "age is the sole factor in determining whether *Miller* applies to overcome the PCRA time-bar," and that "[u]ntil the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-juvenile offender, we are bound by precedent" on the issue. *Lee*, ___ A.3d ____, 2019 PA Super 64, at *9.

COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

v.

JESUS GARCIA

CP-51-CR-0220721-1991
1540 EDA 2018

OPINION

GENECE E. BRINKLEY, J.                    Date: July 13, 2018

This appeal comes before the Superior Court following the dismissal of a Post Conviction Relief Act ("PCRA")[1] petition filed on July 28, 2010. On April 27, 2018, this court dismissed his PCRA petition for the reasons set forth below.

## I. PROCEDURAL HISTORY

Jesus Garcia (hereinafter referred to as "Petitioner") and a co-defendant were arrested and subsequently charged in connection with the 1991 fatal shooting of Paul Terrell. On March 24, 1992, following a jury trial presided over by the Honorable John J. Poserina Jr., Petitioner was convicted of first-degree murder, robbery, possession of an instrument of crime, and criminal conspiracy. On March 18, 1993, the trial court sentenced Petitioner to an aggregate term of life imprisonment. Following a direct appeal, the Superior Court affirmed the judgment of sentence on April 12, 1994.[2] Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On January 6, 1997, Petitioner filed his first *pro se* PCRA petition. Mitchell S. Strutin, Esquire was appointed, and subsequently filed an amended petition. The PCRA court denied relief on December 16, 1997. The Superior Court affirmed the order denying relief on December 31, 1998.[3] The

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] *Commonwealth v. Garcia*, 645 A.2d 888 (Pa. Super. 1994) (unpublished memorandum).
[3] *Commonwealth v. Garcia*, 736 A.2d 7 (Pa. Super. 1998) (unpublished memorandum).

CP-51-CR-0220721-1991 Comm. v. Garcia, Jesus
Opinion



8136730341

Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on October 20, 1999.[4]

On July 28, 2010, Petitioner filed the instant *pro se* PCRA petition, his second attempt to obtain post-conviction relief. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the PCRA court's intention to dismiss his petition on March 26, 2018. Petitioner submitted a response to the Rule 907 notice on April 4, 2018. On April 27, 2018, the PCRA court dismissed his PCRA petition as untimely without exception. On May 14, 2018, the instant notice of appeal was timely filed to the Superior Court.

## II. DISCUSSION

Petitioner's current PCRA petition challenging, inter alia, the constitutionality of his sentence and the effectiveness of his trial counsel was untimely filed and none of the exceptions to the time-bar are applicable. The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Petitioner's judgment of sentence became final for PCRA purposes on or about May 12, 1994, thirty days after the Superior Court affirmed the judgment of sentence and the time for seeking *allocatur* in the Pennsylvania Supreme Court expired. *See id.*; Pa.R.A.P. 1113(a). His *pro se* petition, filed on July 28, 2010 (including supplemental petitions), was therefore untimely by approximately fifteen years.[5] *See* 42 Pa. Cons. Stat. § 9545(b)(1).

---

[4] *Commonwealth v. Garcia*, 745 A.2d 1218 (Pa. 1999).
[5] Because Petitioner's judgment of sentence became final prior to the January 1, 1996 effective date of the 1995 amendments to the PCRA, he had one year from that date to file a timely first PCRA petition. However, because the

2

Despite the one-year deadline, the PCRA permits the late filing of a petition where a petitioner alleges and proves one of the three narrow exceptions to the mandatory time-bar under 42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii). To invoke an exception, a petition must plead and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

In an attempt to satisfy the governmental interference and/or previously-unknown fact exceptions, § 9545(b)(1)(i),[6] (ii),[7] Petitioner appended signed statements from three individuals, including one medical doctor, detailing Petitioner's intoxicated state on the evening in question in 1991. *See* PCRA petition, 7/28/10 at Exhibits A-C. According to Robert Bermudez's statement, Petitioner was "very drunk and high" at the time of the shooting, a fact which Bermudez conveyed to a detective two days later. *See id.* at Exhibit A. According to Juan Soto's statement, Petitioner was "really messed up" sometime between 9:00 p.m. and 12:00 a.m. on the evening in question. *See id.* at Exhibit B. Lastly, Petitioner appended a preliminary report authored by Pietro Miazzo, M.D., which

---

petition at issue is Petitioner's second petition, he does not qualify for this grace period. *See generally, Commonwealth v. Crawley,* 739 A.2d 108 (Pa. 1999).

[6] The "governmental interference" exception, § 9545(b)(1)(i) requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. *Commonwealth v. Williams,* 105 A.3d 1234, 1240 (Pa. 2014) (citing *Commonwealth v. Abu-Jamal,* 941 A.2d 1263, 1268 (Pa. 2008)).

[7] The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett,* 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr,* 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron,* 781 A.2d 94, 98 (Pa. 2001).

opined that Petitioner was inebriated to such a degree that he lacked the specific intent to kill. *See id.* at Exhibit C.

At the outset, Petitioner failed to demonstrate that either Soto's affidavit or Miazzo's report were submitted within the sixty-day window mandated by subsection 9545(b)(2).[8] Specifically, Soto's affidavit and Miazzo's report were dated March 2, 2008 and March 17, 2009 respectively. Petitioner presented both documents, and the claims derived therefrom, in his PCRA petition dated July 28, 2010, well outside the sixty-day window for each statement.

The remaining statement authored by Bermudez, although presented within the relevant sixty-day window, neither substantiated a purported *Brady*[9] violation nor presented facts that were previously unknown to Petitioner. To the contrary, Petitioner has been aware of his intoxicated state on the evening in question for more than two decades; his detailed confession to police included a specific admission to being drunk. *See* PCRA court opinion, 2/13/98 at 8, 12. Additionally, Soto provided a statement to Petitioner's attorney in 1997 detailing the array of narcotics Petitioner consumed on the evening in question.[10] Furthermore, even if the contents of Bermudez's statement were previously unknown, Petitioner failed to demonstrate that they were previously unascertainable with the exercise of due diligence. According to Bermudez, he conversed with Petitioner just prior to the shooting. *See* PCRA petition, 7/28/10 at Exhibit A. Petitioner did not even allege, however, that Bermudez was either unknown to him or that he doesn't recall speaking with him. Thus, Petitioner failed to establish that Bermudez's version of events was unascertainable prior to their happenstance prison meeting in 2010.[11]

---

[8] *See* 42 Pa. Cons. Stat. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.").

[9] *Brady v. Maryland*, 373 U.S. 83 (1963).

[10] *See* Appellant's Brief, 1998 WL 34285512 (Pa. Super. 1998), at 23.

[11] Even if Petitioner overcame the statutory time-bar, he failed to demonstrate that Bermudez's statement warranted relief as newly-discovered evidence. The trial judge determined that the evidence overwhelmingly established that Petitioner committed first-degree murder. *See* PCRA court opinion, 2/13/98 at 8. More specifically, the court concluded that despite Petitioner's assertion that he was drunk, the additional details he provided to police did not establish that he lost his

4

Additionally, Petitioner appended a solicitation from Cheryl J. Strum, Esquire, titled "Newsletter: Federal and State February 2017" detailing the scope of her practice and speculating that *Davila v. Davis*, 137 S.Ct. 2058 (2017), a case then pending before the United States Supreme Court, may be helpful to some inmates. *See* Supplemental petition, 4/3/17 at 9 (unpaginated). Based upon the newsletter, Petitioner argued that legal decisions constitute facts for purposes of subsection 9545(b)(1)(ii). *See id.* at 6 (unpaginated). Petitioner alternatively claimed that his discovery of the applicability of an actual-innocence claim constitutes a new fact. *See* Supplemental petition, 3/17/17 at 19 (unpaginated). Petitioner's claims are meritless. Neither judicial decisions nor the Petitioner learning the applicable law constitute facts for purposes of subsection 9545(b)(1)(ii). *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013).

Finally, Petitioner attempted to satisfy the newly-recognized constitutional right exception, § 9545(b)(1)(iii),[12] by invoking the new right announced in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). Although the United States Supreme Court in *Montgomery v. Louisiana* 136 S.Ct. 718 (2016), *as revised* (Jan. 27, 2016) ruled that *Miller* has retroactive effect in cases on state collateral review, the *Miller* holding specifically limited itself to juveniles under the age of eighteen years at the time of the offense who were sentenced to a mandatory term of life imprisonment without parole. *Miller*, 132 S.Ct. at 2460. Although Petitioner was sentenced to life imprisonment, he was over the age of eighteen at the time of the offense, placing his sentence outside the reach of the Supreme Court's *Miller* decision.

---

faculties. *See id.* at 12. Bermudez's statement, although corroborative of Petitioner's own admission to being inebriated to some extent, does not demonstrate that Petitioner was so impaired that he lacked the specific intent to kill. Therefore, Petitioner failed to demonstrate that the outcome of the trial would have been different.

[12] Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. . . These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed. *Commonwealth v. Copenhefer*, 941 A.2d 646, 649–50 (Pa. 2007) (quoting *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002)).

5

## III. CONCLUSION

This court has evaluated a serial PCRA petition filed by Mr. Garcia. Petitioner failed, however, to plead and prove an exception to the PCRA's timeliness provision. Accordingly, for the reasons stated herein, the decision of the court dismissing his PCRA petition should be affirmed.

BY THE COURT:

_____

BRINKLEY, J.

6