J-A21029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHALIAF DE ALSTON | : | |
| | : | |
| Appellant | : | No. 2528 EDA 2019 |

Appeal from the PCRA Order Entered March 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0510062-2005

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    Filed: September 17, 2020

Appellant, Khaliaf De Alston, appeals from the March 23, 2018 Order entered in the Philadelphia County Court of Common Pleas dismissing his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On March 12, 2005, police arrested then-nineteen-year-old Appellant and Ernest Cannon for Murder and related charges arising from the March 11, 2005 shooting death of Robert Sample.  Mr. Cannon told police investigators that Appellant had acted alone in robbing and murdering the victim.  Appellant told police investigators that he and Mr. Cannon had planned to rob the victim.  Appellant litigated a pre-trial Motion to Suppress the murder weapon and his statement to police.  On January 19, 2007, the trial court denied the Motion and Appellant proceeded to a jury trial.

On January 30, 2007, the jury convicted Appellant and Mr. Cannon of Second-Degree Murder, Robbery, and Conspiracy to Commit Murder and Robbery.[1] On April 12, 2007, the trial court sentenced Appellant to, *inter alia*, life imprisonment without the possibility of parole. On June 2, 2009, this Court affirmed Appellant's Judgment of Sentence, and our Supreme Court denied allowance of appeal on June 10, 2010. **See Commonwealth v. Alston**, 981 A.2d 305 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 996 A.2d 1067 (Pa. 2010)). Appellant did not seek further review of his Judgment of Sentence, which, thus, became final on September 8, 2010.[2]

Appellant filed PCRA Petitions in 2010 and 2012, both of which failed to garner him relief. On August 11, 2017, Appellant filed *pro se* the instant Petition claiming that he had newly discovered exculpatory evidence. Petition, 8/11/17, at 2. In particular, Appellant asserted that, on June 24, 2017, he became aware of an April 1, 2017 letter purportedly written by Mr. Cannon and addressed to Appellant's mother[3] in which Mr. Cannon "admit[ted] that he committed the murders [for] which [Appellant is] currently incarcerated[]" and "that [Appellant] had no involvement in the murders[.]" **Id.** at 3. Appellant amended a copy of the letter as an exhibit to his Petition, but did not include an affidavit or certification from Mr. Cannon related to the veracity

---

[1] 18 Pa.C.S. §§ 2502(b), 3701, and 903(a)(1), respectively.

[2] **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13 (petition for writ of *certiorari* must be filed within 90 days of final judgment).

[3] Appellant's mother is Mr. Cannon's aunt, Tracy Stokley.

of this claim. The PCRA court appointed counsel who, on September 28, 2017, filed an amended Petition reiterating Appellant's claim and requesting an evidentiary hearing.

On January 29, 2018, the Commonwealth filed a Motion to Dismiss Appellant's Petition, asserting that Mr. Cannon's letter constituted inadmissible hearsay. Motion to Dismiss, 1/29/18, at 7-8. The Commonwealth also noted that, in Appellant's statement to police following the administration of oral and written *Miranda*[4] warnings, Appellant confessed to agreeing with Mr. Cannon to participate in a plan to rob the victim, Robert Sample, a plan that Appellant and Mr. Cannon carried out. *Id.* at 3-4, 9-10. In addition, the averments in the letter that Mr. Cannon purportedly wrote to Appellant's mother in 2017 directly contradicts his statement given to police investigators after the murder that Appellant acted alone in robbing and murdering the victim. *Id.* at 6, 10.

On March 23, 2018, the PCRA court dismissed Appellant's Petition without a hearing. Following the reinstatement of Appellant's appeal rights, this appeal followed.[5]

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[5] On September 3, 2019, the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) Statement. This Court's review of the record indicates that, to date, Appellant has not complied. Appellant's counsel's failure to file the court-ordered Rule 1925(b) Statement has rendered him *per se* ineffective. **See Commonwealth v. Peterson**, 192 A.3d 1123, 1131 (Pa. 2018); **Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009); Pa.R.A.P.

Appellant raises the following issue on appeal:

Whether the PCRA court committed legal error [and] caused [A]ppellant substantial harm and undue prejudice[] when it denied the PCRA [P]etition for an evidentiary hearing on after-discovered evidence in which [Mr. Cannon] stated in a letter that [A]ppellant was not involved in the robbery and murder[?]

Appellant's Brief at 4.

We review an order denying PCRA relief to determine whether the evidence of record supports the court's decision and if the decision is otherwise free from legal error. **Commonwealth v. Paddy**, 15 A.3d 431, 441-42 (Pa. 2011). We begin by addressing the timeliness of Appellant's Petition because the PCRA time limitations implicate our jurisdiction. **Commonwealth v. Kretchmar**, 189 A.3d 459, 462 (Pa. Super. 2018). Our standard of review of a jurisdictional question is *de novo*, and our scope of review is plenary. **Commonwealth v. Fields**, 197 A.3d 1217, 1221 (Pa. Super. 2018).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

1925(c). Notwithstanding, given that Appellant raised one issue in his PCRA Petition, and that the PCRA court could discern the issue Appellant sought to raise on appeal and addressed it in its Rule 1925(a) Opinion, we decline to remand for Appellant to file a Rule 1925(b) Statement. **See**, **e.g.**, **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (where this Court declined to remand an appeal from the dismissal of a PCRA petition because the PCRA court had addressed in its Rule 1925(a) opinion the issues raised by the defendant in his late-filed Rule 1925(b) statement).

expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). In fact, no court has jurisdiction to review the merits of the claims raised in an untimely PCRA Petition. *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005).

Appellant's Petition, filed almost seven years after his Judgment of Sentence became final, is facially untimely. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Crawley*, 739 A.2d 108, 109 (Pa. 1999).

Pennsylvania courts may consider an untimely PCRA petition if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). *Commonwealth v. Hernandez*, 79 A.3d 649, 652 (Pa. Super. 2013). Relevantly, the "newly discovered facts exception" requires the PCRA petitioner to plead and prove that: (1) the facts upon which the claim was predicated were unknown; and (2) the facts could not have been ascertained by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). Additionally, an appellant who invoked an exception prior to December 2018 must have filed his claim within 60 days of the date

he could have presented the claim.[6] ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000)

Here, Appellant asserts that he is entitled to relief based on newly discovered evidence—a letter from Mr. Cannon in which Mr. Cannon exonerates Appellant. Although Appellant claimed that he "used due diligence to timely file" his Petition within 60 days of becoming aware of the alleged new facts, he has not proffered any explanation as to why he was previously unable to procure this information from Mr. Cannon. Appellant's Brief at 10. Thus, Appellant has failed to plead and prove that he could not have ascertained this information by the exercise of due diligence.

Accordingly, the PCRA court lacked jurisdiction to consider the merits of Appellant's claim, and properly dismissed Appellant's Petition as untimely.

We, thus, affirm the denial of PCRA relief.

Order affirmed.

---

[6] See 42 Pa.C.S § 9545(b)(2). Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception ... shall be filed within one year of the date the claim could have been presented."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/20